GARY L. JOHNSON [4353]
JENNIFER H. MASTROROCCO [11206]
RICHARDS BRANDT MILLER NELSON
Attorneys for Plaintiff
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
E-Mail:  gary-johnson@rbmn.com
         jennifer-mastrorocco@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| THE HORACE MANN COMPANIES,<br><br>     Plaintiff,<br><br>vs.<br><br>MARIE MADSEN, an individual, KAWASAKI MOTORS CORP., U.S.A., a Delaware corporation; and KAWASAKI HEAVY INDUSTRIES, LTD., a Japanese corporation,<br><br>     Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff The Horace Mann Companies (referred to hereinafter as "Horace Mann"), by and through its counsel of record, Gary L. Johnson and Jennifer H. Mastrorocco of RICHARDS BRANDT MILLER NELSON, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby complains and alleges against defendants Kawasaki Motors Corp., U.S.A., Kawasaki Heavy Industries, LTD., (collectively referred to hereinafter as ("Kawasaki"), and Marie Madsen, and for causes of action alleges as follows:

## INTRODUCTION

1. This action is filed pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, et. seq. and Horace Mann seeks an Order from this Court declaring its duties and responsibilities under a Contract of Insurance issued by Horace Mann to defendant Lynn Madsen.

## JURISDICTION

2. Horace Mann is an insurance company incorporated in the state of Illinois, with its principal place of business in Springfield, Illinois.

3. Marie Madsen is an individual who, at all resident times, was a resident of the State of Utah.

4. Kawasaki Motors Corp., U.S.A. is a Delaware corporation, with its principle place of business in California, engaged in the manufacturing, marketing, and selling of personal watercrafts.

5. Kawasaki Heavy Industries, Ltd. is an international corporation doing business in the United States of America, with its principal place of business located in Tokyo, Japan.

6. This matter is based on 28 U.S.C. §§ 1332(a), 2201 and 2202, as this suit prays for declaratory judgment, is between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 13391(a), in that a substantial part of the events or omissions giving rise to the contested issues in this case occurred

in the District of Utah, Marie Madsen is a Utah resident, and the case seeks a declaratory judgment concerning an insurance contract to be interpreted under Utah law.

## FACTUAL ALLEGATIONS

### The Contract of Insurance

8. Horace Mann issued to Lynn Madsen and Marie Madsen a Homeowners Policy (Policy No. 001663501) HO 0003 09 08 which provides property coverages and liability coverages in a single form ("the Contract of Insurance"). The Contract of Insurance had a policy period from October 3, 2014 to October 3, 2015. (A copy of the Contract of Insurance is incorporated into this Complaint as Exhibit 1.)

9. Coverage L, which is the principal liability coverage provides that Horace Mann will pay, up to the "limit" that applies, all sums for which an "insured" is legally liable because of "bodily injury" caused by an "occurrence" to which "this coverage applies." Horace Mann further states in the Insuring Agreement in Coverage L that it "will defend the suit seeking damages if the suit resulted from 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies."

10. Coverage L contains an exclusions section. The general exclusions section contains exclusions a-n. Exclusion c provides that the insurance does not apply to:

  c. "Bodily injury" or "property damage" arising out of:

    (1) the ownership or leasing of a "motorized vehicle" or "watercraft" by an "insured";

    (2) the operation, maintenance, use, occupancy, loading, or unloading of a "motorized vehicle" or "watercraft" by any person;

    (3) the entrustment or loaning of a "motorized vehicle" or "watercraft" by an "insured" to any person; or

3

(4) an "insured's" negligent supervision of or failure to supervise any person with respect to a "motorized vehicle" or "watercraft."

11. Coverage L also contains a section entitled "Incidental Liability Coverages." This section of Coverage L contains eight (8) specific grants of coverages in different areas. Paragraph No. 8 is entitled "Watercraft."

Paragraph 8 in the Incidental Liability Coverages section provides that "subject to the limitations set forth in b. and c. below," Horace Mann will pay for bodily injury that arises out of a "watercraft" that:

\* \* \*

(3) is not a sailing vessel and is powered by:
   a. an inboard or inboard-outdrive engine or motor, including an engine or motor that powers a waterjet pump, of:
       (1) 50 horsepower or less if not owned by an "insured"; or
       (2) more than 50 horsepower if not owned by or rented to an "insured"; or

\* \* \*

   b. the coverage described in a. above applies only to a "watercraft" that, at the time of the "occurrence", is not being:
       (1) rented to others; ….

12. The term "bodily injury" is defined in the homeowners policy form to mean "bodily injury to a person and includes sickness, disease, or death. This also includes required care and loss of services." The term "occurrence" is defined in the policy to mean "an accident, including repeated exposure to similar conditions, that results in 'bodily injury' or 'property damage' during the policy period."

13. The term "watercraft" is defined in the homeowners coverage form for purposes of its use in the Liability Coverages of the policy, to mean "an apparatus or a device

primarily designed to be propelled on or in water by engine, motor, or wind, but does not include": model watercraft, hovercraft, model hovercraft, a motorized vehicle, and aircraft, or a model aircraft.

Underlying Lawsuit

14. On October 26, 2016, Kenneth Rider and Natalie Rider, legal guardians of N.R., a then minor, filed a lawsuit in the United States District Court for the District of Utah against Kawasaki Motors Corp., USA, Kawasaki Heavy Industries, Ltd., and H2O Zone, LLC ("Underlying Lawsuit").

15. Plaintiffs filed an amended complaint on December 2, 2016 in the Underlying Lawsuit. The allegations in the amended Complaint are that Kawasaki Motors Corp. and Kawasaki Heavy Industries (collectively "KMC") designed, manufactured, marketed and sold a Kawasaki STX-15f personal watercraft to defendant H2O Zone.

16. According to the allegations in the Underlying Lawsuit, at some point on or before July 16, 2015, H2O Zone rented out the Kawasaki STX-15f allegedly without providing proper safety equipment, instruction or warnings. (Amended Complaint at ¶ 13-14, a copy of which is incorporated into this Complaint as **Exhibit 2**.)

17. On July 16, 2015, Nicole Wells was a passenger onboard the rented STX-15f, which was being operated by Marie Madsen on Lake Powell, within the state of Utah. (*Id.* at ¶ 14.)

18. While riding the STX-15f, Nicole Wells slid off the seat, falling directly behind the watercraft in close proximity to the jet thrust of the jet drive propulsion system. (*Id.* at ¶ 15.)

19. According to the allegations in the amended complaint, Nicole Wells was violently struck by the jet stream emanating from the jet nozzle protruding from the rear of the Kawasaki STX-15f. (*Id.* at ¶ 16.)

20. Nicole Wells alleges she was seriously injured from this incident, and that she has suffered and will continue to suffer pain, discomfort, disability, loss of enjoyment of life, inconvenience, and other general damage, and that she has suffered economic and financial harms and losses. (*Id.* at ¶21.)

21. On September 24, 2018, Kawasaki Motors Corp. filed an Amended Answer to the Amended Complaint and also filed a Crossclaim and Third-Party Complaint. The Third-Party Complaint ("TPC") named as third-party defendants Natalie Rider, plaintiff's mother, and Marie Madsen. (TPC, a copy of which is incorporated into this Complaint as **Exhibit 3**.)

22. At paragraph 4 of the TPC, KMC specifically alleges:

4. By this Third-Party Complaint/Crossclaim, KMC seeks to have the negligence or fault of Natalie Rider and Marie Madsen determined and apportioned to them. Natalie Rider's fault will be deducted from the recovery in this action, if any, and Marie Madsen's fault will be apportioned to her and will be paid by her to the plaintiff, if any. Should KMC be required to pay more than its apportioned fault, KMC will recover contribution from them if and to the extent that KMC is required to pay an amount to satisfy a judgment for plaintiffs that exceeds its proportionate share of fault, if any. The Court has jurisdiction under U.S.C. § 1332 and venue is proper in this district.

(TPC at ¶ 4, a copy of which is incorporated into this Complaint as **Exhibit 3**.)

23. According to the allegations in the TPC, Nicole Wells, Natalie Rider and Marie Madsen all participated in an outing at Lake Powell that included the use of a "personal

watercraft that had been rented by H2O Zone to John Nichols, one of the organizers of the Lake Powell outing." (*Id.* at ¶ 5.)

24. Further, at paragraph 8 of the TPC, Kawasaki alleges:

> 8. According to the testimony of many individuals, Marie Madsen operated the personal watercraft in a manner that caused Nicole Wells to fall off. Marie Madsen either intentionally caused Nicole Wells to fall from the personal watercraft or she operated it recklessly, accelerating abruptly without first confirming that Nicole Wells was seated securely, holding on appropriately to the personal watercraft and was otherwise prepared to ride. The physical evidence and testing results, as well as the testimony of other witnesses, confirms that Wells was either not holding on at all, was not ready, or was not properly holding on; but nonetheless Marie Madsen accelerated with sufficient force to throw her off the craft. Marie Madsen did not look back to confirm that Wells was prepared.

(*Id.* at ¶ 8.)

25. At paragraph 11 of the TPC, Kawasaki again alleges that if Kawasaki is found to be jointly, and severally liable to plaintiffs, then Marie Madsen should be liable to Kawasaki under the doctrine of contribution among joint tortfeasors for her proportionate share of negligence or fault. (*Id.* at ¶ 11.)

## FIRST CAUSE OF ACTION
(*Limitations in Incidental Liability Coverages Bars Coverage Under Contract of Insurance*)

26. Horace Mann incorporates by reference the allegations in paragraphs 1-25 above as though fully set forth herein.

27. The coverage available to Marie Madsen under the Contract of Insurance is limited by the conditions, limitations and exclusions in the Contract of Insurance.

28. Coverage L of the Contract of Insurance contains a section entitled "Incidental Liability Coverages." This section of Coverage L contains eight (8) specific grants of coverages in different areas. Paragraph No. 8 is entitled "Watercraft."

29. Paragraph 8 of the Incidental Liability Coverages section provides that "subject to the limitations set forth in b. and c. below," Horace Mann will pay for bodily injury that arises out of a "watercraft" that:

* * *

  (3) is not a sailing vessel and is powered by:
    a. an inboard or inboard-outdrive engine or motor, including an engine or motor that powers a waterjet pump, of:
        (1) 50 horsepower or less if not owned by an "insured"; or
        (2) more than 50 horsepower if not owned by or rented to an "insured"; or

* * *

  b. the coverage described in a. above applies only to a "watercraft" that, at the time of the "occurrence", is not being:
        (1) rented to others; ….

30. The allegations in the TPC are that the personal watercraft Marie Madsen was driving when Nicole Wells was injured had been rented by H2O Zone to John Nichols, a third-party not an insured under the Horace Mann policy. (*Id.* at ¶ 7.)

31. The plain and ordinary understanding of the words used in the Paragraph No. 8 of the Incidental Liability Coverages section preclude coverage for the claims made by KMC against Marie Madsen in the TPC.

32. There is an actual controversy between Horace Mann and KMC and Marie Madsen concerning whether the allegations in the Underlying Lawsuit state claims for bodily injury that are covered under the Contract of Insurance. That controversy is incapable of resolution without judicial adjudication. Accordingly, Horace Mann has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that the claims made by

KMC against Marie Madsen in the TPC find no coverage under the Contract of Insurance because they are excluded by Paragraph No. 8 of the Incidental Liability Coverages section.

## SECOND CAUSE OF ACTION
(*No Occurence Under Contract of Insurance*)

33. Horace Mann incorporates by reference the allegations in paragraphs 1-32 above as though fully set forth herein.

34. Coverage L, which is the principal liability coverage provides that Horace Mann will pay, up to the "limit" that applies, all sums for which an "insured" is legally liable because of "bodily injury" caused by an "occurrence" to which "this coverage applies."  Horace Mann further states in the Insuring Agreement in Coverage L that it "will defend the suit seeking damages if the suit resulted from 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies."

35. The term "bodily injury" is defined in the homeowners policy form to mean "bodily injury to a person and includes sickness, disease, or death.  This also includes required care and loss of services."  The term "occurrence" is defined in the policy to mean "an accident, including repeated exposure to similar conditions, that results in 'bodily injury' or 'property damage' during the policy period."

36. The allegations of the TPC are that Marie Madsen either intentionally caused Nicole Wells to fall from the personal watercraft or she operated it recklessly, accelerating abruptly without first confirming that Nicole Wells was seated securely, holding on appropriately to the personal watercraft and was otherwise prepared to ride. (*Id.* at ¶ 8.)

37. To the extent that it is shown that Marie Madsen intentionally caused Nicole Wells to fall off, or Marie Madsen operated the personal watercraft such that the bodily

9

injury suffered by Nicole Wells was expected by or intended by Marie Madsen, then there would be no occurrence for the claims made by KMC against Marie Madsen in the TPC.

38. There is an actual controversy between Horace Mann and KMC and Marie Madsen concerning whether the allegations in the Underlying Lawsuit state claims for bodily injury that are covered under the Contract of Insurance. That controversy is incapable of resolution without judicial adjudication. Accordingly, Horace Mann has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that the claims made by KMC against Marie Madsen in the TPC find no coverage under the Contract of Insurance because they are excluded because there was be no occurrence.

## THIRD CAUSE OF ACTION
*(Exclusion I Bars Coverage Under Contract of Insurance)*

39. Horace Mann incorporates by reference the allegations in paragraphs 1-38 above as though fully set forth herein.

1. Exclusion i provides the insurance does not apply to:

i. "bodily injury" or "property damage" that is:
1) expected by, directed by or intended by an "insured"; …

3) the result of an intentional and malicious act by or at the direction of an "insured."

40. The allegations of the TPC are that Marie Madsen either intentionally caused Nicole Wells to fall from the personal watercraft or she operated it recklessly, accelerating abruptly without first confirming that Nicole Wells was seated securely, holding on appropriately to the personal watercraft and was otherwise prepared to ride. (Id. at ¶ 8.)

41. To the extent that it is shown that Marie Madsen intentionally caused Nicole Wells to fall off, or Marie Madsen operated the personal watercraft such that the bodily

injury suffered by Nicole Wells was expected by or intended by Marie Madsen, then exclusion i would bar coverage for the claims made by KMC against Marie Madsen in the TPC.

   42. There is an actual controversy between Horace Mann and KMC and Marie Madsen concerning whether the allegations in the Underlying Lawsuit state claims for bodily injury that are covered under the Contract of Insurance.  That controversy is incapable of resolution without judicial adjudication.  Accordingly, Horace Mann has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that the claims made by KMC against Marie Madsen in the TPC find no coverage under the Contract of Insurance because they are excluded by exclusion i.

   WHEREFORE, Horace Mann prays for judgment against all defendants as follows:

   1. On the first cause of action, judgment by the Court that the scope of coverage available under the Contract of Insurance attached as Exhibit 1 excludes coverage for the claims made by KMC in the TPC of the Underlying Lawsuit against Marie Madsen because they are excluded by Paragraph No. 8 of the Incidental Liability Coverages section.

   2. On the second cause of action, judgment by the Court that the scope of coverage available under the Contract of Insurance attached as Exhibit 1 excludes coverage for the claims made by KMC in the TPC of the Underlying Lawsuit against Marie Madsen because there was no occurrence.

   3. On the third cause of action, judgment by the Court that the scope of

coverage available under the Contract of Insurance attached as Exhibit 1 excludes coverage for the claims made by KMC in the TPC of the Underlying Lawsuit against Marie Madsen because exclusion i bars coverage.

4.  Judgment by the Court that Horace Mann is entitled to costs incurred in pursuit of these claims and for such other and further legal and/or equitable relief as the Court deems just and proper.

DATED this 13th day of December, 2018.

RICHARDS BRANDT MILLER NELSON

/s/ Jennifer H. Mastrorocco
Gary L. Johnson
Jennifer H. Mastrorocco
*Attorneys for Plaintiff*