# EXHIBIT 2

UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| KENNETH RIDER and NATALIE RIDER, legal guardians, N.R., a minor,<br><br>  Plaintiffs,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A, a Delaware corporation, KAWASAKI HEAVY INDUSTRIES, LTD., a Japanese corporation, and H2O ZONE, LLC, an Arizona limited liability company,<br><br>  Defendants. | Case No. 2:16-cv-01086-DBP<br><br>**AMENDED COMPLAINT FOR DAMAGES** |

COME NOW Plaintiffs, by and through counsel, state the following for their causes of action against the Defendants, Kawasaki Motors Corp., USA, Kawasaki Heavy Industries, Ltd., and H2O Zone, LLC.

**PARTIES**

1. Plaintiff Natalie Rider is the legal guardian of Plaintiff N.R., a minor, and is and was at all times herein mentioned a citizen of Ivins, UT.

2. Plaintiff Kenneth Rider is the legal guardian of Plaintiff N.R., a minor, and is and was at all times herein mentioned a citizen of Ivins, UT.

3. Defendant Kawasaki Motors Corp., U.S.A. is a Delaware corporation, with its principle place of business in California, engaged in the manufacturing, marketing, and selling of personal watercrafts ("PWCs").

4. Defendant Kawasaki Heavy Industries, Ltd. is an international corporation doing business in the United States of America, with its principal place of business located at World Trade Center 2 Chome-4-1 Hamamatsuchō, Minato-ku, Tōkyō-to 105-6166, Japan.

5. Defendant H2O Zone, LLC is an Arizona limited liability company engaged in the business of renting PWCs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1332 (diversity) because the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, and there exists complete diversity between Plaintiffs and Defendants. Plaintiffs are citizens of the State of Utah, but no Defendant is a citizen of the State of Utah. Kawasaki Motors Corp., U.S.A. is a Delaware corporation with its principal place of business in Irvine, California. Kawasaki Heavy Industries, Ltd. is a Japanese corporation doing business in the United States of America, with its principal place of business in Japan. H2O Zone, LLC is an Arizona limited liability company with its principle place of business in Arizona.

7. This Court also has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1333 (maritime) because the events giving rise to Plaintiffs' claims occurred on a navigable water, and were substantially related to traditional maritime activities.

8. This Court has personal jurisdiction over Defendants. General jurisdiction exists over all Defendants based on their substantial, continuous, and systematic business contacts with the State of Utah.

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that give rise to Plaintiffs' claims occurred within the district of the above entitled Court.

**FACTS**

10. Plaintiffs reallege and incorporate by reference paragraphs 1 through 9 above.

11. On July 16, 2015, Plaintiff, N.R. rode aboard a 2013 Kawasaki STX-15f PWC, identification number AZ6642BT, which was rented from Defendants H2O Zone, LLC.

12. At some time before July 16, 2015, Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd. designed, manufactured, marketed, and sold the Kawasaki STX-15f.

13. Defendant H2O Zone, LLC negligently rented out the Kawasaki STX-15f without providing proper safety equipment, instruction, or warning.

14. On July 16, 2015, on Lake Powell, and within the State of Utah, Plaintiff N.R. was a passenger aboard the rented STX-15f, which was being operated by Marie Madsen.

15. While riding the STX-15f, Plaintiff slid off the seat, falling directly behind the PWC in close proximity to the jet thrust of the jet drive propulsion system.

16. As N.R. fell from the rear of the Kawasaki STX-15f, she was violently struck by the jet stream emanating from the jet nozzle protruding from the rear of the Kawasaki STX-15f.

17. At the time of the accident, the PWC was being operated in a prudent and careful manner, which was proper and consistent with its ordinary and intended use and purpose, and N.R. was exercising due care and caution for her own safety.

18. As a direct and proximate result of Plaintiff N.R.'s contact with the output pressure from the jet drive, she sustained great physical injury, pain and suffering, physical discomfort, emotional distress, severe and permanent disfigurement, fear, and other damages described more fully later herein.

**STRICT LIABILITY IN TORT – KAWASAKI**

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 19above.

20. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd. have a duty to design, test, manufacture, assemble, and inspect their PWCs so as not to subject purchasers and/or users to an unreasonable risk of harm through a defective and unreasonably dangerous product.

21. The Kawasaki STX-15f at issue in this case was defective and unsafe for its intended purpose at the time it left the control of Defendants and at the time it was used by Plaintiff N.R.

22. The product was defectively designed so as to render it unreasonably dangerous to Plaintiff. In particular, the Kawasaki STX-15f does not provide passengers with adequate mobility restraints, handholds, straps grips, seating configuration or a tail design which would prevent the rearmost passenger from sliding backward off the seat upon acceleration and falling directly into the path of the jet thrust of the jet drive propulsion system.

23. The Kawasaki STX-15f was unreasonably dangerous to an extent beyond which would be contemplated by the ordinary and prudent buyer, consumer, or user of that product considering the product's characteristics, propensities, risks, dangers, and uses together with any actual knowledge, training, or experience possessed by Plaintiff.

24. The Kawasaki STX-15f did not perform as safely as an ordinary consumer would expect when used in its intended manner and/or a reasonably foreseeable manner.

25. Several safer feasible alternative designs existed at the time the product was manufactured.

26. Alternative designs would have prevented or significantly reduced the risk of Plaintiff's injuries, without substantially impairing the product's utility. Furthermore, each of these safer alternative designs were economically and technologically feasible at the time the product left Defendants' control by the application of existing or reasonably achievable scientific knowledge.

27. Moreover, the STX-15f was defective and unreasonably dangerous because it was placed on the market without adequately warning the users of the PWC that a passenger could slide or topple off the back of the PWC and land directly into the path of an extremely dangerous jet of water, which was likely to inflict severe and permanent damage to human tissue and organs. The warnings which were provided were small, inconspicuous, hidden within a barrage of warnings, unclear, non-specific, vague and entirely inadequate to provide the protection needed by passengers invited to ride on such a PWC.

**NEGLIGENCE – KAWASAKI**

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 above.

29. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd. were negligent, grossly negligent, reckless, willful, and/or wanton in the following respects:

    a. In that they designed a product that allows the rearmost seated passenger to ride without adequate restraints or handholds or a rear deck configuration which would prevent them from falling backwards and directly into the jet water thrust from the jet drive propulsion system; and

    b. In that they placed a product on the market without adequately warning its users that a passenger falling from the rear seat of the PWC could fall directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue and organs or death.

30. Plaintiffs further allege that Defendants acted with gross negligence, recklessness, willfulness and/or wantonness. In particular, rather than properly addressing the admitted known risk and altering the design of the machine, Defendants designed, manufactured, and marketed the product knowing that the design was far too dangerous for use by the public as it allowed the rearmost seated passenger to ride without adequate restraints, handholds, seating configuration, or a proper tail design which would prevent the rearmost seated passenger from falling backwards and directly into the jet thrust from the jet drive propulsion system, which can and does result in injuries and damages of an entirely different nature and far more severe than any injuries or damages which a typical user having the normal amount of knowledge and experience with the PWC in question would find foreseeable.

31. Moreover, the product was placed on the market without adequately warning the users of the PWC that the rearmost seated passenger could fall directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue and organs, or death, when it was well known to Defendants that the product's

warnings could have been placed in better, more conspicuous locations, and incorporated much clearer language which would convey the true extent of the risks involved.

32. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd., long before the production of the subject PWC, had knowledge that women—riding in the passenger position on PWCs of that class manufactured and sold by Defendants, and others—were exposed when falling directly backward off of the machine while wearing a personal flotation device (a foreseeable event) to the hazard of suffering horrific bodily injury in the form of severe damage to their colons and/or vaginas from the hydraulic pressure of the jet thrust of the PWC.

33. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd., long before the production of the subject PWC, had knowledge that women—riding in the passenger position on PWCs of that class manufactured and sold by Defendants, and others—were in fact suffering horrific bodily injury in the form of severe damage to their colons and/or vaginas from the hydraulic pressure of the jet thrust of the PWC in the manner described above.

34. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd., knew of the horrific injuries being suffered by women users of their PWC.

35. It is a core safety principle of engineering design that when a machine design presents a hazard of serious bodily injury, ethical engineering requires that all reasonable efforts be made to engineer the hazard out of the design.

36. Despite knowing of the horrific injuries being suffered by female users of their PWCs, Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd., chose to violate the core safety principle of engineering design, that when a machine design presents a hazard of serious bodily injury, ethical engineering requires that all reasonable efforts be made to engineer the hazard out of the design.

37. It is a core safety principle of engineering design that warnings are never to be used to control a hazard until it is established that the hazard cannot be engineered out of a design or a mechanical guarding control of the hazard employed, because warnings can never be as effective.

COMPLAINT FOR DAMAGES
Page 6

38. Despite knowing of the horrific injuries being suffered by women users of their PWCs, Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd., chose to violate a second core safety principle of ethical vehicle design engineering, that is, warnings are never to be used to control a hazard until it is established that the hazard cannot be engineered out of a design or a mechanical guarding control of the hazard employed, because warnings can never be as effective.

39. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd., long before the production of the subject PWC, knew full well that the warnings it chose to employ in violation of core ethical safety engineering principles, were failing to stop the occurrence of the horrific injuries described above, and nevertheless chose to continue to fail to investigate and evaluate design changes for the purpose of engineering out or mechanically guarding against the hazard.

40. Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd. acted with malice in the design, manufacturing and marketing of the PWC and by so doing delivered the PWC in an unreasonably defective and unsafe condition to users including Plaintiff N.R.

41. Defendants actions described above were conducted with malice in that the actions were despicable and were carried on by Defendants, and each of them, with a willful and knowing disregard for the safety of others.

42. The conduct constituting malice was authorized and/or ratified by one or more officers, directors, or managing agents of Defendants while acting on behalf of Defendants.

43. One or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice and adopted or approved that conduct after it occurred.

44. The aforesaid malicious actions of Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd. were a direct and proximate cause of the traumatic occurrence described in this Complaint which in turn caused, precipitated and/or facilitated the injuries suffered by Plaintiff N.R. described in this Complaint.

45.   As a direct and proximate result of the aforesaid malicious acts and/or omissions of Defendants, Plaintiff N.R. has suffered, and will continue to suffer, great physical injury, permanent disfigurement, pain and suffering, physical discomfort, emotional distress, fear, and other damages.

46.   That as a further direct and proximate result of the aforesaid malicious acts and/or omissions of Kawasaki, Plaintiff N.R. has incurred medical expenses in the past, and will continue to incur future medical expenses from treatment of her injuries.

47.   That as a further direct and proximate result of the aforesaid malicious acts and/or omissions of Defendants, Plaintiff N.R. has incurred and will incur economic damages and suffered a permanent impairment to her future ability to earn a living.

48.   That the substantive law of the State of Utah, set forth in Utah Judicial Code § 78b-8-201, provides that exemplary damages may be awarded against Defendants, Kawasaki Motors Corp., USA, and Kawasaki Heavy Industries, Ltd. upon proof at trial by clear and convincing evidence of the allegations of the acts with malice of those Defendants set forth above.

## BREACH OF WARRANTY – KAWASAKI

49.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 above.

50.   By designing, testing, manufacturing, and selling this defective and unreasonably dangerous product, Defendants breached their implied warranties and their express warranties of fitness for a particular purpose and merchantability under Utah law.

51.   Indeed, Defendants impliedly warranted to the public, generally and specifically to Plaintiff, that this model of Kawasaki PWC was of merchantable quality and was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner.

52.   Defendants were merchants with respect to the Kawasaki STX-15f.

53.   The Kawasaki STX-15f was not merchantable as warranted because the design was far too dangerous for use by the public as it allowed the rearmost seated passenger to ride without adequate restraints, handholds, or protection from falling directly into the path of the jet thrust from the jet drive propulsion system, which can and does result in injuries and damages of

an entirely different nature and far more severe than any injuries or damages which a typical user would find foreseeable having the normal amount of knowledge and experience with the PWC in question.

54. Plaintiff N.R. suffered the injuries and damages set forth below as a proximate result of Defendants' breaches of the foregoing warranties.

**STRICT LIABILITY IN TORT – H2O ZONE**

55. Plaintiffs reallege and incorporate by reference paragraphs 1 through 55 above.

56. Defendant H2O Zone, LLC is engaged in the business of renting PWCs, specifically the Kawasaki STX-15f.

57. The Kawasaki STX-15f at issue in this case was in a defective and dangerous condition at the time it was rented and subsequently ridden by Plaintiff N.R.

58. The Kawasaki STX-15f at issue in this case was unreasonably dangerous to Plaintiff.

59. The Kawasaki STX-15f at issue in this case reached Plaintiff N.R. without substantial change in the condition in which it was rented out.

60. Defendant H2O Zone, LLC rented out a PWC that was defective and dangerous at the time of its rental.

61. The defective condition of the Kawasaki STX-15f caused or was a substantial contributing factor in Plaintiff's injuries.

62. Defendant H2O Zone, LLC is liable under the principles of the Restatement (Second) of Torts, sections 402A and 402B, for the defective condition of the PWC that caused or was a substantial contributing factor in Plaintiff's injuries.

**NEGLIGENCE – H2O ZONE**

63. Plaintiffs reallege and incorporate by reference paragraphs 1 through 63 above.

64. Defendant H2O Zone, LLC's conduct in renting out the Kawasaki STX-15f was negligent.

65.     Defendant H2O Zone, LLC was negligent when they failed to give renters adequate warning or instruction regarding the proper clothing required for reducing the risk of orifice injuries while riding a PWC.

66.     Defendant H2O Zone, LLC was also negligent when they failed to provide, or make available for use, the proper clothing required for riding a PWC.

67.     Defendant H2O Zone, LLC's negligence caused or was a substantial contributing factor in Plaintiff's injuries.

68.     Defendant H2O Zone, LLC's complete failure to provide any sort of safety equipment, clothing, warning, or instruction to guard against the risk of the injuries that Plaintiff sustained in this case was reckless, willful, and wanton, which demonstrated indifference to the safety of the boating public.

## **BREACH OF WARRANTY – H2O ZONE**

69.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 69 above.

70.     By renting out this defective and unreasonably dangerous product, Defendant H2O Zone, LLC breached their implied warranties and their express warranties of fitness for a particular purpose and merchantability under Utah law.

71.     Indeed, Defendant impliedly warranted to the public, generally and specifically to Plaintiff, that the Kawasaki STX-15f PWC was of merchantable quality and was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner.

72.     Defendant was a merchant with respect to the Kawasaki STX-15f.

73.     The Kawasaki STX-15f was not merchantable as warranted because the design was far too dangerous for use by the public as it allowed the last passenger to ride without adequate restraints, handholds, or protection from falling directly into the path of the jet thrust from the jet drive propulsion system, which can and does result in injuries and damages of an entirely different nature and far more severe than any injuries or damages which a typical user would find foreseeable having the normal amount of knowledge and experience with the PWC in question.

74. Plaintiff suffered the injuries and damages set forth below as a proximate result of Defendants' breaches of the foregoing warranties.

## PRAYER FOR RELIEF

75. Plaintiffs reallege and incorporate by reference paragraphs 1 through 74 above.

76. As a direct and proximate result of the aforementioned acts and/or omissions by Defendants, which constituted strict liability, negligence, reckless, willfulness, and breaches of warranties, Plaintiff sustained multiple severe and traumatic injuries, thereby causing her to suffer from conscious pain and suffering, medical expenses, including hospitalizations, together with the costly expense of several physicians; that further, Plaintiff sustained a loss of earning capacity as a result of her injuries; that furthermore, the Plaintiff continues to suffer from pain, trauma, and discomfort as a result of her injuries and is informed and believes that the same will continue indefinitely, all to Plaintiff's loss and damage in a sum to be determined by the jurors for actual and punitive damages.

## DEMAND FOR A JURY

77. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues triable under the law.

DATED this 2nd day of December 2016.

FRIEDMAN | RUBIN

By: /s/ *Kenneth R. Friedman*
Kenneth R. Friedman, WSBA #17148
1126 Highland Ave.
Bremerton, WA 98337
(360) 782-4300
Kfriedman@friedmanrubin.com

Roger J. Dodd, USB #13266
Dodd Law
PO Box 684079
Park City, UT 84068
Telephone: (435) 200-4962
rdodd@doddlaw.com
*Attorneys for Plaintiffs*